[No. C026148. Third Dist. June 29, 1998.]

GEORGE STOVALL, Plaintiff and Appellant, v.
CHRIS ANDREWS, as Recorder, etc., Defendant and Respondent.

## COUNSEL

George Stovall, in pro. per., for Plaintiff and Appellant.

Karen Keating Jahr, County Counsel, and Michael A. Ralston, Assistant County Counsel, for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—Plaintiff, George Stovall, appeals from a judgment denying his petition for writ of mandate. In his petition, plaintiff alleged defendant Chris Andrews, the Shasta County Recorder (Recorder), violated a ministerial duty in accepting for filing notices of federal tax liens that had not been "certified" by the Secretary of the Treasury of the United States. In a proceeding in which defendant Recorder neither appeared nor participated, the trial court ruled there is nothing in California law, including this state's version of the Uniform Federal Tax Lien Registration Act (Act) (Code Civ. Proc., § 2100 et seq.), which requires certification as a prerequisite to filing of a notice of federal tax lien.

On appeal, plaintiff reiterates his trial court contentions. Plaintiff does not challenge defendant's filing of any particular federal tax lien. Plaintiff argues that defendant has a ministerial duty to accept for filing only those notices of federal tax liens that have been certified by the United States Secretary of the Treasury (Secretary) or the Secretary's delegate, or which have some other certification, acknowledgment or attestation.

Defendant does not dispute that he has accepted for filing and has filed notices of federal tax liens that have not been certified by the Secretary. It is defendant's position there is no legal requirement a notice of tax lien, federal or otherwise, be certified or acknowledged as a prerequisite to its being accepted for filing by a county recorder. We agree.

The provisions relating to the filing of a notice of federal tax lien are set forth at Code of Civil Procedure section 2100 et seq. (hereafter statutory references to sections of an undesignated code are to the Code of Civil Procedure).

Section 2101, subdivision (a) states in relevant part: "Notices of liens, certificates, and other notices affecting federal tax liens or other federal liens must be filed in accordance with this title. . . ."

Section 2103, subdivision (a)(2) provides that "If a notice of federal lien . . . is presented to a filing officer who is: [¶] . . . [¶] . . . [a] county recorder, *he or she shall accept for filing*, file for record in the manner set forth in Section 27320 of the Government Code, and index the document . . . ." (Italics added.)[1]

Plaintiff's challenge to the defendant's practices is based on section 2102 which provides: "Certification of notices of liens, certificates, or other notices affecting federal liens by the Secretary of the Treasury of the United States or his or her delegate, or by any official or entity of the United States responsible for filing or certifying of notice of any other lien, entitles them to be filed and no other attestation, certification, or acknowledgment is necessary."

As plaintiff construes section 2102, where the notice of federal tax lien has *not* been certified by the Secretary, it may not be accepted for filing unless it is accompanied by some other attestation, certification, or acknowledgment. We disagree with plaintiff's interpretation of section 2102.

Section 2102 simply provides that where the notice of federal lien has been certified by the Secretary, the notice is entitled to be filed with the county recorder in the county in which the taxpayer resides (see §§ 2101, subd. (c)(2), 2103, subd. (a)(2)) *regardless of any attestation, certification or acknowledgment requirement that may otherwise be imposed by a particular state as a prerequisite to the filing of a notice of lien.* Viewed in this light, section 2102 does not require certification by the Secretary prior to filing. It also does not require that some other attestation, certification or acknowledgment is a prerequisite to the filing of the notice of federal tax lien.

Section 2102 is part of the Act as enacted in California. Whatever the requirement may be in other states which have enacted this particular Act,

---

[1]Government Code section 27320 provides in relevant part that "[w]hen any instrument authorized by law to be recorded is deposited in the recorder's office for record . . . [t]he recorder shall record it without delay . . . ."

California does not require the attestation, certification or acknowledgment of a notice of tax lien as a prerequisite to its acceptance for filing by the recorder. Obviously then, a notice of federal tax lien may be filed without any such attestation, certification or acknowledgment because state law does not require it, and because state law does not require it, a certification by the Secretary is unnecessary in lieu of a nonexistent state requirement of attestation, certification or acknowledgment. Thus, the trial court properly denied defendant's petition for writ of mandate.

The judgment is affirmed. Defendant shall recover costs on appeal.

Sims, J., and Raye, J., concurred.